**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RENATA L. WALTON,**
**a/k/a RENATA LASHANTE WALTON,**
**Debtor**

**CASE NO. 26-12994-JDW**

**CHAPTER 7**

# CHAPTER 7 TRUSTEE'S RESPONSE AND OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ABANDONMENT OF PROPERTY OF THE ESTATE [DKT. 12]

COMES NOW Thomas C. Rollins, Jr., the duly appointed Chapter 7 Trustee (the "Trustee"), and responds and objects to the Motion for Relief from Automatic Stay and Request for Abandonment of Property of the Estate filed by The Bank of Fayette County (the "Bank") [Dkt. 12] (the "Motion"). The Trustee does not oppose reasonable interim relief necessary to locate, take possession of, and preserve the collateral described in the Motion, but he objects to abandonment and to any sale or other disposition before the estate has a fair opportunity to investigate the collateral's value and the Bank's asserted debt and liens. In support, the Trustee states as follows:

1. The Debtor filed this Chapter 7 case on August 19, 2026, and the Trustee was appointed to administer the estate. The meeting of creditors is scheduled for September 25, 2026, and the Motion is set for hearing on October 6, 2026. The Trustee has not yet had the opportunity to examine the Debtor concerning the collateral.

2. The Motion identifies three items of collateral: a 2003 Mercedes-Benz G55, a 2020 Can-Am Outlander, and a 2012 Chevrolet Camaro (collectively, the "Collateral"). The Bank asserts that two obligations, identified as Notes 9811 and 2011, are cross-collateralized and had a combined payoff of $41,611.26.

3. Although the Bank concludes that the Debtor has no equity, the Motion assigns no value to any item of Collateral and provides no basis for valuation. It includes no appraisal,

market analysis, photographs, current mileage or hours, condition report, or other valuation evidence.

4. Miss. Bankr. L.R. 4001-1(a)(1)(D)(iii) requires a motion for relief from stay concerning property to state the property's value and the basis for that valuation. The Bank also bears the burden of proof on the issue of the Debtor's equity under 11 U.S.C. § 362(g)(1). The conclusory allegation in the Motion does not satisfy either requirement.

5. The available information does not establish that the Collateral is of inconsequential value to the estate. A 2003 Mercedes-Benz G55 is a specialty vehicle that may have material market value depending on mileage and condition. When its value is considered with the Camaro and Can-Am, potential equity cannot be excluded without inspection and competent valuation.

6. The documents supporting Note 2011 are also incomplete or inconsistent. Exhibit D is a promissory note dated September 17, 2021, in the original principal amount of $20,301.11. Exhibit E, however, includes a Consumer Security Agreement dated June 12, 2024, that identifies a Note dated June 12, 2024, in the original principal amount of $26,312.64. The apparent 2024 note is not attached. The operative note, renewal or modification history, payment history, and an itemized current payoff should be produced before the Court determines abandonment or authorizes disposition.

7. The Debtor commenced this case without schedules, exemptions, or a statement of intention. The Trustee's investigation therefore remains incomplete. Among other things, the Trustee needs the present location and possession of each item, current mileage or hours, photographs, running condition, damage and repair history, proof of insurance, and reasonable access for inspection and appraisal.

8. Abandonment under 11 U.S.C. § 554(b) is appropriate only when property is burdensome to the estate or is of inconsequential value and benefit to the estate. On the present record, the Bank has not established either ground. Abandonment would be premature and could eliminate a potential recovery for creditors before the Trustee can complete even a basic valuation inquiry.

9. The Trustee recognizes the Bank's allegation that the Collateral has not been located for repossession and is not insured. To protect the property while value is investigated, the Trustee does not oppose limited stay relief allowing the Bank to locate and take possession of the Collateral solely to secure and preserve it, provided the Bank promptly notifies the Trustee of its possession and location, preserves the Collateral, permits reasonable inspection and appraisal, and does not sell, transfer, or otherwise dispose of it without the Trustee's written agreement or further order of this Court.

10. The Bank has not shown cause to waive the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) for any sale or disposition. The Trustee does not oppose making possession-only relief effective immediately if the Court includes the preservation conditions stated above.

11. This Response is without prejudice to the Trustee's right to supplement his objection after the Debtor's examination, inspection or appraisal of the Collateral, and production of the Bank's complete loan and valuation records. The Trustee does not concede the validity, extent, priority, perfection, amount, or enforceability of any asserted lien or cross-collateralization provision.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee requests the following relief:

A. deny the Bank's request for abandonment without prejudice;

B. deny or continue the request for authority to sell or otherwise dispose of the Collateral until the Trustee has completed his investigation;

C. if appropriate, grant limited stay relief solely to permit the Bank to locate, take possession of, and preserve the Collateral subject to the safeguards in paragraph 9, without adjudicating the Bank's asserted liens;

D. require the Bank to provide the apparent June 12, 2024 note, complete loan history, an itemized current payoff and payment history, and the value and valuation basis required by Miss. Bankr. L.R. 4001-1(a)(1)(D)(iii);

E. deny waiver of Fed. R. Bankr. P. 4001(a)(3), except for expressly limited possession-and-preservation relief; and

F. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
**THOMAS C. ROLLINS, JR.,**
**CHAPTER 7 TRUSTEE**

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through the Court's CM/ECF system upon all parties registered to receive electronic notice and by United States Mail upon any party entitled to notice who is not a registered CM/ECF participant, on the date this Response was filed electronically.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.