# EXHIBIT A

[redacted]

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $26,312.64 | 06-12-2024 | 06-12-2029 | [redacted]2011 | 6d / AUTO | Walton Renata L | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Renata L Walton
40 Cotton Bend Cove
Rossville, TN 38066

**Lender:** The Bank of Fayette County
Oakland Branch
6870 Hwy 64
Oakland, TN 38060

**Principal Amount: $26,312.64** **Interest Rate: 8.000%** **Date of Agreement: June 12, 2024**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** CURRENT LOAN BALANCE: $4,115.23.

**DESCRIPTION OF COLLATERAL.** 2020 CANA OTL AT (VIN 3JBLGAR27LJ005849) and 2012 CHEV CAM CP (VIN 2G1FC1E36C9205805) **THIS LOAN WILL NO LONGER BE RENATA L. WALTON DBA: R&B TAX EXPRESS, IT WILL NOW BE IN JUST HER NAME**

**DESCRIPTION OF CHANGE IN TERMS.** TROUBLED LOAN MODIFICATION #2292011 AND COMBINING #2314811 / ORIGINAL LOAN DATE: 9-17-2021 / ORIGINAL LOAN AMOUNT: $20,301.11.

**PROMISE TO PAY. I ("Borrower") promise to pay to The Bank of Fayette County ("Lender"), or order, in lawful money of the United States of America, the principal amount of Twenty-six Thousand Three Hundred Twelve & 64/100 Dollars ($26,312.64), together with interest on the unpaid principal balance from June 12, 2024, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 8.000% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**

**PAYMENT. I will pay this loan in 59 payments of $533.59 each payment and an irregular last payment estimated at $533.26. My first payment is due July 12, 2024, and all subsequent payments are due on the same day of each month after that. My final payment will be due on June 12, 2029, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest as shown on the most recent statement or bill provided to me (if no statement or bill has been provided for any reason, it shall be applied to the unpaid interest accrued since the last payment); then to principal; then to any escrow or reserve account payments as required under any mortgage, deed of trust, or other security instrument or security agreement securing this Note; then to any late charges; and then to any unpaid collection costs.**

**INTEREST CALCULATION METHOD. Interest on this loan is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (365 for all years, including leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this loan is computed using this method.**

**RECEIPT OF PAYMENTS.** All payments must be made in U.S. dollars and must be received by Lender at:

The Bank of Fayette County
2735 Highway 64, Suite 301
Eads, TN 38028

Payments must be received consistent with the following payment instructions: Make payments payable to The Bank of Fayette County. Lender may modify these payment instructions, including changing the address for payments, by providing updated payment instructions to me in writing.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Agreement, and I will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: The Bank of Fayette County, 2735 Highway 64, Suite 301 Eads, TN 38028.**

**LATE CHARGE.** If a payment is 10 days or more late, I will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Agreement will continue to accrue interest at the interest rate under this Agreement.

**DEFAULT.** I will be in default under this Agreement if any of the following happen:

**Payment Default.** I fail to make any payment when due under the Indebtedness.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Agreement or in any agreement related to this Agreement.

**Default in Favor of Third Parties.** I default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or ability to perform my obligations under this Agreement or any of the Related Documents.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

[redacted]

[redacted]

# CHANGE IN TERMS AGREEMENT
## (Continued)



**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if I have not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured if I, after Lender sends written notice to me demanding cure of such default: (1) cure the default within thirty (30) days; or (2) if the cure requires more than thirty (30) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Agreement and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Agreement if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER. Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.**

**CREDITOR-PLACED INSURANCE.** I will keep the collateral securing this loan fully insured against all loss or damage by fire, theft, collision and such other hazards as Lender may require from time to time to protect Lender's interest. These requirements are set forth in the Security Agreement. If I fail to provide Lender with evidence of the required insurance coverage, Lender is authorized to purchase the insurance at my expense.

**GOVERNING LAW. This Agreement will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Tennessee without regard to its conflicts of law provisions. This Agreement has been accepted by Lender in the State of Tennessee.**

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Fayette County, State of Tennessee.

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $15.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** I acknowledge this Agreement is secured by the following collateral described in the security instrument listed herein:

(A) a Consumer Security Agreement dated June 12, 2024 made and executed between Renata L Walton and Lender on collateral described as:

2020 CANA OTL AT (VIN 3JBLGAR27LJ005849)
Located at: 40 COTTONBEND COVE
ROSSVILLE , TN 38066

2012 CHEV CAM CP (VIN 2G1FC1E36C9205805)
Located at: 40 COTTONBEND COVE
ROSSVILLE , TN 38066

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**SUCCESSORS AND ASSIGNS.** Subject to any limitations stated in this Agreement on transfer of my interest, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than me, Lender, without notice to me, may deal with my successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing me from the obligations of this Agreement or liability under the Indebtedness.

**USURY SAVINGS CLAUSE.** It is the intention of Lender and me to comply strictly with all applicable usury laws; and, accordingly, in no event and upon no contingency shall Lender ever be entitled to charge, receive, collect, or apply as interest any interest, fees, charges, or other payments equivalent to interest, in excess of the maximum rate which the Lender may lawfully charge under applicable state and federal statutes and laws from time to time in effect; and, in the event that Lender ever receives, collects, or applies as interest, any such excess, such

amount which, but for this provision, would be excessive interest shall be applied to the reduction of the unpaid principal amount of the Note; and, if said principal amount and all lawful interest thereon is paid in full, any remaining excess shall be refunded to me. All interest paid or agreed to be paid shall, to the maximum extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan, including any renewals, until payment in full of the principal. Any provision hereof, or of any other agreement between Lender and me, that operates to bind, obligate, or compel me to pay interest in excess of such maximum lawful contract rate shall be construed to require the payment of the maximum rate only. The provisions of this paragraph shall be given precedence over any other provision contained herein or in any other agreement between Lender and me that is in conflict with the provisions of this paragraph.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: The Bank of Fayette County 2735 Highway 64, Suite 301 Eads, TN 38028.

**MISCELLANEOUS PROVISIONS.** If any part of this Agreement cannot be enforced, this fact will not affect the rest of the Agreement. Lender may delay or forgo enforcing any of its rights or remedies under this Agreement without losing them. I and any other person who signs, guarantees or endorses this Agreement, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Agreement, and unless otherwise expressly stated in writing, no party who signs this Agreement, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Agreement are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**PRIOR TO SIGNING THIS AGREEMENT, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. I AGREE TO THE TERMS OF THE AGREEMENT.**

**BORROWER:**

X Renata Walton

Renata L Walton

LaserPro, Ver. 24.1.10.032 Copr. Finastra USA Corporation 1997, 2024. All Rights Reserved. - TN C:\LASERPRO\CFI\LPL\D20C.FC TR-37149 PR-23