**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RENATA L. WALTON,** **CASE NO. 26-12994-JDW**
**Debtor** **CHAPTER 7**

---

**CHAPTER 7 TRUSTEE'S AMENDED RESPONSE AND OBJECTION TO MOTION TO CONVERT TO CHAPTER 13**

---

Thomas C. Rollins, Jr., Chapter 7 Trustee (the "Trustee"), amends his response [Dkt. 31] and objects to the Debtor's Motion to Convert Chapter 7 to Chapter 13 [Dkt. 25] as follows:

1. The Debtor filed this Chapter 7 case on August 19, 2026, and moved to convert on October 5, 2026. The Trustee's October 14, 2026 response did not oppose conversion if the case would be reconverted to Chapter 7 upon failure of the Chapter 13 case. This amended response supersedes that response and withdraws the Trustee's nonopposition.
2. Under 11 U.S.C. § 706(d), a case may not be converted unless the debtor is eligible for the proposed chapter. Section 109(e), as adjusted under 11 U.S.C. § 104(a) effective April 1, 2025, requires noncontingent, liquidated, unsecured debts of less than $526,700 as of the petition date.
3. The Debtor's Schedule E/F lists an unsecured debt to the Internal Revenue Service of $760,548. The debt is not designated as contingent, unliquidated, or disputed. [Dkt. 19, p. 14, entry 2.1.] That debt alone exceeds the applicable limit by $233,848, before considering the Debtor's other unsecured debts.
4. On the present record, the Debtor is ineligible for Chapter 13, and § 706(d) bars conversion. The Trustee requests denial of the motion unless the Debtor establishes that her noncontingent, liquidated, unsecured debts were below the applicable limit on the petition date.

5. Alternatively, if the Court permits conversion, the Trustee renews his request that the conversion order provide for reconversion to Chapter 7, rather than dismissal, if the Debtor cannot obtain confirmation or fails to perform under a confirmed plan, upon appropriate notice and hearing under 11 U.S.C. § 1307(c), to preserve administration of nonexempt assets for creditors.

WHEREFORE, the Trustee requests that the Court deny the Debtor's Motion to Convert [Dkt. 25] or, alternatively, include the reconversion provision requested above in any order allowing conversion, and grant such other relief as is appropriate.

Respectfully submitted,

THOMAS C. ROLLINS, JR.,
Chapter 7 Trustee

By: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, I served the foregoing through the Court's CM/ECF system upon Kevin F. O'Brien, counsel for the Debtor; the United States Trustee; Locke D. Barkley, Chapter 13 Trustee; and all other registered recipients.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Chapter 7 Trustee